UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                          Chapter 13

FREDERICA WEST,                                                 Case No. 24-44469-ess


                          Debtor.
------------------------------------------------------------------------x


### MEMORANDUM DECISION ON MOTION FOR
### VIOLATION OF THE AUTOMATIC STAY


*Appearances:*

 Nnenna Okike Onua, Esq.              Robert W. Griswold, Esq.
 McKinley Onua & Associates           LOGS Legal Group LLP
 233 Broadway (Suite 2348)            175 Mile Crossing Boulevard
 New York, NY 10279                   Rochester, NY 14624
   *Attorneys for Frederica West*        *Attorneys for Nationstar Mortgage LLC*


                                      David K. Fiveson, Esq.
                                      Butler, Fitzgerald & Fiveson, P.C.
                                      9 East 45th Street (Ninth Floor)
                                      New York, NY 10017
                                        *Attorneys for Prime Equities Corp.*


January 7, 2026

**HONORABLE ELIZABETH STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

The automatic stay is one of the most straightforward and fundamental protections established by the Bankruptcy Code.  For a debtor, it can provide a pause and a breathing spell from the actions of creditors to collect on their debts.  For the creditors as well, it can provide protections against a race to the courthouse that may yield an advantage to one creditor at the expense of another.  As the Supreme Court has noted, the automatic stay "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'"  *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (quoting S. Rep. No. 95-989, p. 54 (1978); H. Rep. No. 95-595, p. 340 (1977)).

At the same time, the Bankruptcy Code provisions that establish the automatic stay contain a mosaic of conditions, exceptions, and exclusions, some of which are self-executing and others of which require a debtor or creditor to act.  They may be triggered by the case, by a prior case, or something else entirely.  The subsections have subsections, the exceptions have exceptions, and parties are wise to proceed with care, caution, and attention to the details.

By this motion, the debtor, Frederica West, seeks a finding that the secured creditor, Nationstar Mortgage LLC, and its counsel willfully violated the automatic stay when it moved forward to conduct a foreclosure sale of Ms. West's home soon after this bankruptcy case was filed, without first obtaining stay relief.  It calls for the Court to consider the facts and circumstances of this Chapter 13 bankruptcy case, as well as a prior bankruptcy case that was filed and voluntarily dismissed by Ms. West.  This motion also calls for the Court to assess how the timing of the dismissal of that first case, and the filing of this case, affects Ms. West's eligibility to be a debtor in this bankruptcy case and the protection of the automatic stay.  And it

calls for the Court to determine whether certain actions taken by the secured creditor, Nationstar Mortgage LLC, after this bankruptcy case was filed, amounted to a violation of the automatic stay.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to Judiciary Code Sections 157(b)(1) and 1334(b), and the Standing Order of Reference dated August 28, 1986, as amended by the Order dated December 5, 2012, of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to Judiciary Code Section 157(b)(2)(A), (B), (E), (F), (H), and (O), and venue is proper before this Court pursuant to Judiciary Code Section 1409. "Core proceedings include, but are not limited to . . . matters concerning the administration of the estate;" "allowance . . . of claims against the estate;" "orders to turn over property of the estate;" and "determinations of the validity, extent, or priority of liens;" among other types of claims. 28 U.S.C. § 157(b)(2)(A), (B), (E), (K). As core matters, this Court has constitutional authority to enter a final judgment, because the matters at issue "stem[] from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015).

### Background

#### *Ms. West's January 2024 Bankruptcy Case*

On January 12, 2024, Frederica West commenced her first bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, *In re Frederica West*, Case No. 24-40166 (the "January 2024 Bankruptcy Case"). In her bankruptcy petition, Ms. West identified her residence as 162-20 South Road, Jamaica, NY 11433 (the "Property"). *In re Frederica West*, Case No. 24-40166, Voluntary Pet., ECF No. 1. And on October 31, 2024, Ms.

West filed a Schedule A/B, and stated that she owns property at 162-20 Tuskegee Airmen Way, Jamaica, NY 11433.[1]

On May 15, 2024, Nationstar Mortgage LLC, as servicing agent for The Bank of New York Mellon F/K/A The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR7 Mortgage Pass-Through Certificates Series 2006-AR7 ("Nationstar"), filed a motion for relief from the automatic stay (the "Stay Relief Motion" or "Stay Relief Mot.") with respect to the Property in the January 2024 Bankruptcy Case. *In re Frederica West*, Case No. 24-40166, Stay Relief Mot., ECF No. 33. That motion was originally noticed for a hearing on July 2, 2024, and was thereafter adjourned on consent to August 20, 2024.

On August 6, 2024, while the Stay Relief Motion was pending, Ms. West filed a request voluntarily to dismiss the January 2024 Bankruptcy Case, pursuant to Bankruptcy Code Section 1307. *In re Frederica West*, Case No. 24-40166, Appl. for Dismissal of Chapter 13 Case, ECF No. 47. And the next day, on August 7, 2024, the Court entered an Order (the "Dismissal Order") granting that request and dismissing the January 2024 Bankruptcy Case. *In re Frederica West*, Case No. 24-40166, Order Dismissing Chapter 13 Case, ECF No. 47.

Thereafter, on August 12, 2024, the Stay Relief Motion was marked off the Court's calendar without a hearing, and on September 27, 2024, the Court entered an Order to close the dismissed case, and the January 2024 Bankruptcy Case was closed. *In re Frederica West*, Case No. 24-40166, Order to Close Dismissed Case, ECF No. 51.

---

[1] It is evident from the record that both 162-20 South Road and 162-20 Tuskegee Airmen Way in Jamaica, New York, describe the Property.

_Ms. West's October 2024 Bankruptcy Case_

On October 28, 2024, Ms. West commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "October 2024 Bankruptcy Case"). _In re Frederica West_, Case No. 24-40166, Voluntary Pet., ECF No. 1.

_Nationstar's Sale of the Property_

On November 1, 2024, after Ms. West commenced the October 2024 Bankruptcy Case, Nationstar conducted an auction sale of the Property pursuant to a Judgment of Foreclosure and Sale. Obj. to Mot. for Violation of Automatic Stay, ECF No. 31, ¶¶ 12-16 (the "Nationstar Objection" or "Nationstar Obj."). And on January 7, 2025, a referee's deed was executed and recorded in favor of Prime Equities Corp. ("Prime"), the successful bidder at the November 1, 2024, foreclosure sale. Joint Pre-Hearing Statement, ECF No. 43, at 5. It is undisputed that Nationstar did not move for relief from the automatic stay in the October 2024 Bankruptcy Case. _Id_.

_This Motion for Violation of the Automatic Stay_

On February 3, 2025, Ms. West filed a Motion for Violation of Automatic Stay (the "Stay Violation Motion" or "Stay Violation Mot."). Stay Violation Mot., ECF No. 28. In her motion, Ms. West argues that the Court should "(1) find[] that Nationstar and its attorneys willfully violated the automatic stay; (2) vacate the foreclosure sale of the Property and declare such sale void ab initio and made in violation of the automatic stay; and (3) award actual and punitive damages pursuant to 11 U.S.C §§ 362(k) and 105(a)." Stay Violation Mot. ¶ 13.

Ms. West advances several arguments in support of her requests for relief. She states that "the most important issue here is whether a subsequent bankruptcy filed within 180 days is 'void

4

ab initio' or a 'nullity' such that a subsequent filing does not involve the automatic stay." Stay Violation Mot. ¶ 18.

And Ms. West asserts that "[d]espite notice of the bankruptcy filing of October 28, 2024, [the] Debtor's Property was sold at a foreclosure auction in violation of the automatic stay on November 1, 2024." Stay Violation Mot. ¶ 16. She contends that a stay violation occurred because, among other reasons, the Dismissal Order "did not state that the future filing within 180 days will not invoke the automatic stay." Stay Violation Mot. ¶ 24. And she argues that, because Nationstar did not seek stay relief in this bankruptcy case, it acted in violation of the automatic stay by proceeding to conduct a foreclosure sale of the Property after this case was filed. Stay Violation Mot. ¶ 25.

In support of her request to annul the sale and for damages, Ms. West asserts that "[t]he Debtor is entitled to have the foreclosure sale set aside and is entitled to damages pursuant to . . . 11 U.S.C. § 362(h)." Stay Violation Mot. ¶ 23 (citing *In re Flores*, 291 B.R. 44, 49 (Bankr. S.D.N.Y. 2003) (discussing Section 362(h), now codified at Section 362(k), as modified)). She argues that Nationstar's actions violated the automatic stay because the Dismissal Order in the January 2024 Bankruptcy Case did not explicitly state that future filings within 180 days would not invoke the automatic stay, that the Dismissal Order did not dismiss that case with prejudice, and that Nationstar did not move for stay relief in this October 2024 Bankruptcy Case before proceeding with the sale of the Property. Stay Violation Mot. ¶¶ 24-25. Finally, Ms. West asserts that Nationstar and the referee that conducted the foreclosure sale had actual notice of the October 2024 Bankruptcy Case before the sale, justifying the imposition of monetary damages. Stay Violation Mot. ¶ 23.

Ms. West points to two decisions to support her argument:  *In re Flores*, 291 B.R. 44 (Bankr. S.D.N.Y. 2003), and *Value T Sales, Inc. v. Mitchell* (*In re Mitchell*), 279 B.R. 839 (B.A.P. 9th Cir. 2002), which is cited by the *In re Flores* court.

As to *In re Flores*, Ms. West observes that the court found:

> "Section 362(a) states unambiguously that the filing of a petition 'operates as a stay.'  Congress provided quite specifically in Section 362(b) an exclusive list of exceptions to the automatic stay, and a filing by one who may not be a debtor under Section 109(g), or who is barred from refiling for 180 days under a court order of dismissal, is not among them."

Stay Violation Mot. ¶ 26 (quoting *In re Flores*, 291 B.R. at 55).

In addition, Ms. West notes that *In re Flores* held that "'the [Bankruptcy] Code contemplates that an unauthorized or unlawful filing commences a "case" (with all that it entails, including the automatic stay) which remains a case until dismissed by an order of the court, generally after notice and an opportunity to be heard.'"  Stay Violation Mot. ¶ 27 (quoting *In re Flores*, 291 B.R. at 55).  To the same end, she points to the court's finding that "'the objectives of the Bankruptcy Code and the interests of both the debtor and creditors cannot be served by a blanket rule that the subsequent filing within 180 days is a legal nullity automatically abrogating the automatic stay.'"  Stay Violation Mot. ¶ 27 (quoting *In re Flores*, 291 B.R. at 59).

As to *In re Mitchell*, Ms. West notes that, as the bankruptcy court in *In re Flores* explained, courts may not undertake a "'wholesale rewriting of the statute'" in order to "'engraft a further exception'" to the automatic stay that Congress did not include in Section 362(b).  Stay Violation Mot. ¶ 26 (quoting *In re Flores*, 291 B.R. at 55 (citing *In re Mitchell*, 279 B.R. at 844)).

Nationstar opposes the Stay Violation Motion.  On February 25, 2025, Nationstar filed an objection to the Stay Violation Motion.  Nationstar Objection, ECF No. 31.

As a threshold matter, Nationstar responds that when Ms. West filed the October 2024 Bankruptcy Case, she did not meet the eligibility requirements to be a debtor under Bankruptcy Code Section 109(g).  Nationstar Obj. ¶ 28.  Nationstar points to the plain terms of the Bankruptcy Code, and notes that Section 109(g) provides:

> [N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case *following the filing of a request for relief from the automatic stay* as provided by [Bankruptcy Code] section 362 . . . .

Nationstar Obj. ¶ 22 (emphasis in original) (quoting 11 U.S.C. § 109(g)(2)).

And Nationstar also points to Bankruptcy Code Section 362(b)(21)(A), which provides that if a debtor is ineligible under Section 109(g) to be a debtor, then the automatic stay does not operate to stay any act to enforce a lien or security interest in real property.  Nationstar Obj. ¶ 27.  Specifically, Nationstar states, "[t]he Debtor was ineligible to be a debtor pursuant to Section 109(g), and so Section 362(b)(21)(A) prevented the automatic stay from coming into effect with respect to Nationstar's attempt to enforce its lien on the Property."  Nationstar Obj. ¶ 28.  That is, Nationstar asserts, Ms. West's ineligibility to be a debtor under Section 109(g), taken together with the terms of Section 362(b)(21)(A), caused the automatic stay not to apply to Nationstar's actions to enforce its lien on the Property.  *Id*.

Additionally, Nationstar points out that the cases cited or referenced by Ms. West in the Stay Violation Motion, *In re Flores* and *In re Mitchell*, are not persuasive here because these cases were decided in 2002 and 2003, before Bankruptcy Code Section 362(b)(21) was adopted. Nationstar Obj. ¶ 32.  Rather, Nationstar notes, Section 362(b)(21) was adopted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, or BAPCPA.  *Id*.  And Nationstar observes that courts have already recognized the inapplicability of *In re Flores* since

7

BAPCPA was adopted, stating that "the Second Circuit explicitly acknowledges that the finding in *Flores*, upon which the Debtor relies, was superseded by BAPCPA."  Nationstar Obj. ¶ 33 (citing *Adams v. Zarnel* (*In re Zarnel*), 619 F.3d 156, 170 (2d Cir. 2010)).

Prime also opposes the Stay Violation Motion.  On March 24, 2025, Prime filed an objection to the Stay Violation Motion.  Decl. Objecting to Debtor's Mot. to Void the Foreclosure Sale, ECF No. 34 (the "Prime Objection" or "Prime Obj.").  Prime asserts, in substance, that a violation of the automatic stay did not occur, for substantially the same reasons advanced by Nationstar, and argues that the automatic stay did not take effect upon the filing of the October 2024 Bankruptcy Case with respect to Nationstar's actions to enforce its lien on the Property through the foreclosure sale.  Prime Obj. ¶¶ 21-31.

On June 13, 2025, Ms. West filed a Second Amended Motion for Violation of Automatic Stay.  Second Am. Mot. for Violation of Automatic Stay, ECF No. 42 (the "Second Amended Motion" or "Second Am. Mot.").  In her Second Amended Motion, Ms. West advances several additional arguments in reply to Nationstar's and Prime's opposition.

First, Ms. West replies that while Bankruptcy Code Section 362(b) provides certain exceptions to the scope of the automatic stay, it does not allow a creditor unilaterally to determine a debtor's eligibility and then take actions without first seeking court approval. Second Am. Mot. at 5.  Rather, Ms. West asserts, a creditor seeking to enforce its rights must first obtain stay relief.  *Id*.

Nor, she states, should a creditor determine for itself whether a debtor is ineligible under Section 109(g).  Second Am. Mot. at 6.  She argues:

> While § 362(b)(21) provides that the stay does not apply if the debtor is ineligible
> under § 109(g), courts have made clear that only the bankruptcy court may
> determine eligibility under § 109(g), and such a determination is not automatic.  A

creditor is not authorized to self-declare a debtor ineligible and act accordingly.
. . .

If the Creditor believed § 109(g)(2) applied, its recourse was to move for
dismissal – not to proceed unilaterally in violation of the stay.

Second Am. Mot. at 5-6.

Second, Ms. West replies that she is eligible to be a debtor under Bankruptcy Code
Section 109(g)(2) and that the automatic stay came into effect upon the filing of this case.
Second Am. Mot. at 7.  She notes that "courts in this Circuit and others have held that this
provision is not self-executing and must be applied equitably, with consideration of the
surrounding circumstances and the debtor's intent." *Id.*  And she observes that in *In re Covelli*,
the bankruptcy court "declined to apply § 109(g)(2) rigidly and emphasized that the debtor's
eligibility is a determination for the bankruptcy court, not a basis for automatic exclusion." *Id.*
(citing *In re Covelli*, 550 B.R. 256, 264 (Bankr. S.D.N.Y. 2016)).

Third, Ms. West replies that Nationstar and Prime would not be substantially prejudiced
by having to comply with the automatic stay – and by contrast, she would suffer irreparable harm
and the loss of her home if it is determined that the automatic stay was not in effect when the
foreclosure sale occurred.  Second Am. Mot. at 9.  She also asserts that Nationstar and Prime
have other pathways if they seek to assert that this bankruptcy case was not filed in good faith.
*Id*.

Ms. West states:

[Nationstar and Prime are] not substantially prejudiced by compliance with the
automatic stay.  If [Nationstar and Prime] believe[] that the Debtor's filing was
improper or in bad faith, [they] retain[] the full ability to move to dismiss the case
under § 109(g) or § 1307(c), or to seek stay relief under § 362(d). . . .  By
contrast, the Debtor stands to suffer irreparable harm.  She risks losing her
primary residence due to procedurally improper foreclosure sale, despite having
invoked the protections of the Bankruptcy Code in a timely and legally valid
manner.

Second Am. Mot. at 9.

And finally, Ms. West replies that she is acting in good faith and can propose a feasible Chapter 13 plan to address her debt.  Second Am. Mot. at 10.  She asserts that she is financially capable of addressing her debts in a Chapter 13 plan.  *Id*.  Ms. West also asserts that, considering her income, she would be able to make the necessary Chapter 13 plan payments in her case.  *Id*.

### **The Applicable Law**

The questions presented by the Stay Violation Motion call for the Court to consider two provisions of the Bankruptcy Code.  One is Section 109(g)(2), which addresses the eligibility – and ineligibility – of an individual to be a debtor within 180 days after that individual sought and obtained the voluntary dismissal of a bankruptcy case after a stay relief motion is filed.  And the other is Section 362(b)(21), which carves out a narrow and precise exception to the protection of the automatic stay for acts to enforce a lien against or security interest in real property in the case of a debtor who is ineligible under Section 109(g)(2), but nevertheless files for bankruptcy relief.

*Bankruptcy Code Section 109(g)(2)*

Bankruptcy Code Section 109(g)(2) provides:

Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . .

> (2)    the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

*Bankruptcy Code Section 362(b)(21)*

The terms of Bankruptcy Code Section 109(g), and the protection of the automatic stay under Bankruptcy Code Section 362(a), do not exist in a vacuum.  Another section that is

implicated by the matters addressed here is Section 362(b)(21), which addresses the

consequences for the protection – and lack of protection – of the automatic stay if a debtor who

is ineligible under Section 109(g)(2) nevertheless files for bankruptcy relief.

That Section states:

The filing of a petition . . . does not operate as a stay . . .

> (21)   under subsection (a), of any act to enforce any lien against
>         or security interest in real property –
>
> (A) if the debtor is ineligible under section 109(g) to be a
>         debtor in a case under this title.

11 U.S.C. § 362(b)(21).

## Discussion

This Stay Violation Motion, and the issues that it raises, point to two questions that the

Court must address.  First, the Court considers whether Ms. West was eligible to be a debtor at

the time this bankruptcy case was filed, in light of her voluntary dismissal of the January 2024

Bankruptcy Case following the filing of a motion for relief from the automatic stay and the terms

of Bankruptcy Code Section 109(g)(2).  And next, the Court considers whether the automatic

stay came into effect upon the filing of this bankruptcy case, and whether it was an impediment

to Nationstar's sale of the Property following the filing of this bankruptcy case, in light of the

terms of Bankruptcy Code Section 362(b)(21)(A).  As the movant, Ms. West bears the burden of

showing that she is entitled to the relief that she seeks by a preponderance of the evidence.  *See*,

*e.g.*, *Johnson v. Smith* (*In re Johnson*), 501 F.3d 1163, 1172 (10th Cir. 2007) (stating that "to

demonstrate a violation of [Bankruptcy Code Section] 362(k)(1), the debtor bears the burden of

establishing [the elements of the claim] by a preponderance of the evidence").

The Court considers these questions in turn.

*Whether Ms. West was eligible to be a debtor under Bankruptcy Code Section 109(g)(2) when this bankruptcy case was filed*

The first question that the Court considers is whether Ms. West was eligible to be a debtor under Bankruptcy Code Section 109(g)(2) when she filed this bankruptcy case.

The starting point for considering this question is the plain terms of the statute.  Section 109(g)(2) states that "no individual . . . may be a debtor . . . who has been a debtor in a case pending . . . at any time in the preceding 180 days if . . . the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by [Bankruptcy Code S]ection 362."  11 U.S.C. § 109(g)(2).  That is, if a debtor seeks and obtains the voluntary dismissal of their bankruptcy case after a stay relief motion has been filed, then that debtor "may not be a debtor" for the 180 days following the dismissal of the first case.  *Id*.

At the same time, courts in this Circuit have found that Section 109(g)(2) does not mean that a prospective debtor is somehow prevented from filing a bankruptcy petition.  In one example, as then-Chief Judge Morris explained:

> A debtor is not automatically ineligible to file a bankruptcy case within 180 days of a previous voluntary dismissal that was obtained after a motion for relief from the stay was filed.  Instead, this Court takes the view that "[t]he clerk must accept the subsequent petition when it is filed, since it will not yet have been determined whether the debtor is ineligible under section 109(g)."

*In re Covelli*, 550 B.R. at 264-65 (quoting 2 Collier on Bankruptcy ¶ 109.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

That is, as the bankruptcy court found, "[t]he debtor's eligibility under § 109 is a determination of whether the debtor is eligible for the relief afforded by the Bankruptcy Code and not whether the Debtor was eligible to file a petition in the first place."  *In re Covelli*, 550

B.R. at 265.  And finally, "[u]pon the filing of a bankruptcy petition, the automatic stay goes into effect and the bankruptcy estate is created."  *In re Covelli*, 550 B.R. at 266.

And the court also observed that while "[s]ome courts favor a strict interpretation" of Section 109(g)(2), others "have held that the application of [Section] 109(g)(2) is within a bankruptcy court's equitable discretion" where "the debtor acted in good faith or . . . applying [Section 109(g)] produced an absurd or unfair result" and have declined to apply Section 109(g) strictly.  *In re Covelli*, 550 B.R. at 264.

As another bankruptcy court in this Circuit explained, a determination of ineligibility under Section 109(g)(2) is, in substance, an objective inquiry.  It does not call for a determination that a debtor has somehow acted in bad faith.  As Chief Judge Nevins found:

> Importantly, the record here was clear that [the debtor] had good reasons for dismissing her case, and good reasons for trying again in a new Chapter 13 case. Trying Chapter 13 more than once is not unusual.  A Chapter 13 case requires a great deal of perseverance, and some luck, to ensure that myriad paperwork requirements are met and that one's income is not disrupted while trying to maintain the significant payments that are required . . . . I cannot conclude that this case was filed in bad faith.  Instead, I merely conclude this case was filed within 180 days after the voluntary dismissal of the [prior case], resulting in ineligibility to be a debtor . . . .

*LoanCare, LLC v. Moore* (*In re Moore*), 2023 WL 6305822, at *5 (Bankr. D. Conn. Sept. 27, 2023).

Nor does such a determination turn on whether the debtor's voluntary dismissal of the first case was triggered or associated in any way with the filing of the motion for stay relief.  As the Sixth Circuit Bankruptcy Appellate Panel observed:

> Section 109(g)(2) is intended to prevent the debtor from controlling the automatic stay without restriction by voluntarily invoking the stay (filing) and voluntarily terminating the automatic stay (dismissing).  The section restricts the debtor's invocation of the automatic stay (filing), if, following the filing of a request for relief from the automatic stay, the debtor voluntarily requests and obtains a dismissal of the bankruptcy.

13

*Andersson v. Sec. Fed. Sav. and Loan of Cleveland* (*In re Andersson*), 209 B.R. 76, 79 (B.A.P. 6th Cir. 1997).

Here, Ms. West argues, in substance, that the automatic stay came into effect on October 28, 2024, when this bankruptcy case was commenced.  Second Am. Mot. at 4.  And as an initial matter, Ms. West is correct.  But this is far from the end of the inquiry.  And in particular, it does not address the question of whether Ms. West was eligible to be a debtor under Section 109(g)(2) when she filed this case, or what the consequences of her ineligibility would be.

As to the first question, here, the record is clear.  On January 12, 2024, Ms. West commenced the January 2024 Bankruptcy Case by filing a petition.  *In re Frederica West*, Case No. 24-40166, Voluntary Pet., ECF No. 1.  On May 15, 2024, Nationstar filed the Stay Relief Motion, to permit it to pursue its rights with respect to the Property.  *In re Frederica West,* Case No. 24-40166*,* Stay Relief Mot., ECF No. 33*.*  On August 6, 2024, Ms. West filed an application voluntarily to dismiss the January 2024 Bankruptcy Case.  *In re Frederica West*, Case No. 24-40166, Appl. for Dismissal of Chapter 13 Case, ECF No. 47.  And promptly thereafter, on August 7, 2024, the Court entered an Order dismissing the January 2024 Bankruptcy Case. *In re Frederica West*, Case No. 24-40166, Order Dismissing Chapter 13 Case, ECF No. 47.  On October 28, 2024, or within less than 180 days after the January 2024 Bankruptcy Case was pending, Ms. West commenced the October 2024 Bankruptcy Case by filing a voluntary bankruptcy petition.  Voluntary Pet., ECF No. 1

That is, it is plain from the record that, at the time Ms. West filed this bankruptcy case, it was less than 180 days from the date that she requested and was granted the voluntary dismissal of the January 2024 Bankruptcy Case.  And that request was made after Nationstar made a motion for relief from the automatic stay.

Put another way, Ms. West may not "be a debtor" here, because she "has been a debtor in a case pending . . . at any time in the preceding 180 days" and she "requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by § 362."  11 U.S.C. § 109(g)(2).  Accordingly, the Court finds and concludes that Ms. West was ineligible to be a debtor under Bankruptcy Code Section 109(g)(2) when she commenced this case.

*Whether Nationstar's Sale of the Property Violated the Automatic Stay*

Having determined that Ms. West was ineligible to be a debtor when she filed this case, the Court now turns to the question of whether Nationstar violated the automatic stay under Bankruptcy Code Section 362(b)(21) by selling the Property to Prime in the foreclosure sale. And this calls for the Court to consider what the consequences are of Ms. West's ineligibility to be a debtor under Bankruptcy Code Section 109(g)(2) at the time that she filed this case.

Bankruptcy Code Section 362(b)(21) states, in relevant part, that the "filing of a petition . . . does not operate as a stay . . . of any act to enforce any lien against or security interest in real property . . . if the debtor is ineligible under § 109(g) to be a debtor in a case under this title."  11 U.S.C. § 362(b)(21).

As one respected commentator explains, Section 362(b)(21) "creates an exception to the automatic stay of section 362(a) with respect to any act to enforce a lien against or security interest in real property if the debtor is ineligible for relief under section 109(g)."  2 Collier on Bankruptcy ¶ 109.08 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  Of course, as a matter of prudence, a creditor may choose to seek a court order confirming that the precise terms of Section 362(b)(21)(A)'s exception to the automatic stay have been met, and in close or

questionable cases, "the wiser strategy is to seek a determination from the court that the stay is not applicable." *Id*. But that is different from a requirement to seek relief from the court.

This conclusion is consistent with guidance that has been provided by the Second Circuit in the context of another eligibility criterion established for consumer debtors by BAPCPA, "the credit counseling requirements created by" that Act. *In re Zarnel*, 619 F.3d at 158. There, the Second Circuit considered, among other questions, "whether the automatic stay takes effect when a petition is filed by a debtor ineligible under § 109(h)" – and as the court found, "[w]e conclude that it does." *In re Zarnel*, 619 F.3d at 170. The Second Circuit also reasoned that if, somehow, a filing by an ineligible debtor did not trigger the protections of the automatic stay, then Section 362(b)(21)(A) would be "render[ed] a nullity." *Id*.

Other courts are in accord. For example, in *Leafty v. Aussie Sonoran Capital, LLC* (*In re Leafty*), 479 B.R. 545 (B.A.P. 9th Cir. 2012), the court considered a situation where a debtor voluntarily dismissed a Chapter 13 bankruptcy case and then – later that same day – filed a second bankruptcy case, with the apparent objective of staying a deed of trust foreclosure sale of her property scheduled for that day. *In re Leafty*, 479 B.R. at 547. The court observed:

> Under § 362(b)(21)(A) certain actions against the real property of ineligible debtors under § 109(g) are not stayed. This section was added to the list of exclusions from the automatic stay under § 362(b) with the enactment of [BAPCPA]. Section 362(b)(21)(A) provides that the filing of a petition does not operate to stay "any act to enforce any lien against or security interest in real property . . . if the debtor is ineligible under § 109(g)(2)." Therefore, because § 362(b)(21)(A) applied at the time debtor filed her second petition, as a matter of law, the automatic stay was not in effect with respect to her property.

*In re Leafty*, 479 B.R. at 552-53.

And so here. The record of this bankruptcy case and of Ms. West's prior bankruptcy case show that Ms. West executed a note and mortgage on her residence in the amount of $325,000. Prime Obj. ¶ 7; *In re Frederica West*, Case No. 24-40166, Stay Relief Mot., ECF No. 33, ¶ 2.

The note and mortgage were ultimately assigned to Nationstar as the secured creditor.  Prime Obj. ¶ 8.

Here, the record also shows that after a judgment of foreclosure and sale was entered in September 2023, Ms. West commenced the January 2024 Bankruptcy Case.  *In re Frederica West*, Case No. 24-40166, Voluntary Pet., ECF No. 1.  During the pendency of that case, on May 15, 2024, Nationstar moved for relief from the automatic stay with respect to the Property in the Stay Relief Motion.  *In re Frederica West*, Case No. 24-40166, Stay Relief Mot., ECF No. 33. Soon thereafter, on August 7, 2024, Ms. West voluntarily dismissed her January 2024 Bankruptcy Case, after Nationstar requested relief from the automatic stay.  *In re Frederica West*, Case No. 24-40166, Appl. for Dismissal of Chapter 13 Case, ECF No. 47.

And finally, the record shows that on October 28, 2024, this bankruptcy case was commenced, just four days prior to the foreclosure sale that occurred on November 1, 2024. Voluntary Pet., ECF No. 1

*          *          *

Therefore, based on the entire record, the Court finds and concludes that under Bankruptcy Code Section 109(g)(2), Ms. West was not eligible to be a debtor when she filed this bankruptcy case, because she had "requested and obtained the voluntary dismissal of [a prior] case following the filing of a request for relief from the automatic stay."  11 U.S.C. § 109(g)(2).

The Court also finds and concludes that, while Ms. West's filing of this bankruptcy case triggered the protections of the automatic stay under Bankruptcy Code Section 362(a), that protection was limited by the terms of another Section, Bankruptcy Code Section 362(b)(21). Specifically, the automatic stay in this bankruptcy case did "not operate as a stay . . . of any act to

17

enforce any lien against or security interest in real property . . . if the debtor is ineligible under section 109(g) to be a debtor."  11 U.S.C. § 362(b)(21).

And for these reasons, the Court finds and concludes that on November 1, 2024, after Ms. West commenced this bankruptcy case, when Nationstar conducted an auction sale of the Property pursuant to a Judgment of Foreclosure and Sale, the sale did not violate the automatic stay.

## Conclusion

For these reasons, and based on the entire record, the Court finds and concludes that Ms. West has not met her burden to show that a violation of the automatic stay has occurred.  For the same reasons, Ms. West has not shown that a willful violation of the automatic stay occurred; or that the foreclosure sale of the Property should be vacated and found to be void ab initio; or that she is entitled to an award of actual and punitive damages.

An order in accordance with this Memorandum Decision will be entered simultaneously herewith.

Dated: Brooklyn, New York
January 7, 2026

Elizabeth S. Stong
United States Bankruptcy Judge